**HARTFORD ACCIDENT AND INDEM- NITY COMPANY, Plaintiff in Error,**

v.

**Dave R. McKOWN, d/b/a Dave R. McKown Company, Defendant in Error,**

No. 36500.

Supreme Court of Oklahoma.

May 10, 1955.

Mclville F. Boddie, Oklahoma City, for plaintiff in error.

Monnet, Hayes & Bullis, Oklahoma City, for defendant in error.

JOHNSON, Chief Justice.

This action was filed in the District Court of Oklahoma County on the 21st day of November, 1951, by Dave R. McKown

d/b/a Dave R. McKown Company as plaintiff against the Pendleton Construction Company, a corporation, and Pendleton Engineering Company, a corporation, as defendants, who made no appearance or defense and are not parties to this appeal. The suit was to recover a money judgment of $6,320.91 allegedly due from defendants for various types of insurance premiums which plaintiff had written for them on open account. On the same day plaintiff had garnishment summons issued to the Westinghouse Electric Supply Company, a corporation, and the Westinghouse Electric Corporation, alleging that said companies were indebted to the defendant, Pendleton Construction Company. Westinghouse Electric Corporation answered not indebted, and Westinghouse Electric Supply Company answered that they owed one of the defendants $2,536.85 for merchandise which they purchased in November, 1951. By stipulation the $2,536.84 was paid into the District Court Clerk to be paid out on order of the Court. On December 31, 1952, the cause was heard as to the defendants, Pendleton Construction Corporation and Pendleton Engineering Corporation, resulting in judgment against them for $3,356.14 with 6% interest from the 21st day of November, 1951, until paid. On January 4, 1952, by order of the District Court, the Hartford Accident and Indemnity Company, plaintiff in error herein (hereinafter called Hartford) was granted permission to intervene in the cause and filed its inter-plea and amended inter-plea, and Dave R. McKown, defendant in error herein, filed his answer to the amended inter-plea and the cause was heard on the 23rd day of November, 1953, to determine the rights of the intervenor and the plaintiff to the money deposited with the Court Clerk by Westinghouse Electric Supply Company.

Jury trial was waived and the case was tried by the Court. After hearing and considering the evidence, the trial judge found therefrom that McKown had a prior garnishment lien on the garnisheed funds and was, therefore, entitled to the money paid into the Court by the garnishee.

The parties stipulated that the only controversy to be determined by the Court was the ownership of the garnisheed funds deposited with the Court Clerk. It is argued by the appellant that the Court's finding and judgment on this issue is not sustained by the evidence and is contrary to law.

Hartford, as intervenor, claims such funds under an application of Pendleton Construction Company for contract bid bond and assignment of January 10, 1951, and an alleged bill of sale from Pendleton Construction Company to Hartford.

McKown claims such funds by reason of his garnishment lien herein against Pendleton Construction Company as judgment debtor and Westinghouse Electric Supply Company as garnishee. McKown contends that Hartford's assignment and bill of sale were fraudulent and therefore void, as against him under 24 O.S.1951 § 6 for the reason that the purported assignment and bill of sale were not accompanied by an immediate delivery, nor followed by an actual and continued change of possession of the personal property.

The only disputed fact question is as to whether Hartford, as provided by 24 O.S. 1951 § 6, supra, took and retained possession and control of the personal property involved and thereby prevented priority of plaintiff's garnishment lien.

The Court, before rendering judgment for McKown, found from the evidence that, notwithstanding the alleged assignment and bill of sale, Hartford did not take such possession or control of the personal property involved as required by Statute, 24 O.S.1951 § 6, but that defendant, Pendleton Construction Company, continued to assert authority and control over the property until Pendleton sold the property to Westinghouse Electric Supply Company, the garnishee, thereby subjecting the garnisheed funds to plaintiff's garnishment lien as against Hartford, transferee, which finding of fact is binding on this Court if reasonably sustained by the evidence, and not contrary to law.

The well established applicable rule in this case is that in a jury-waived law

action, trial court's finding will be accorded weight of jury verdict and will not be disturbed where reasonably supported by evidence.

 The evidence was ample to sustain the finding of the trial court of lack of change of possession and control of property following alleged transfer, and after a careful examination of the entire record we so hold. The judgment is not contrary to law. Section 6, Title 24 O.S.1951, provides:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

In Williamson-Halsell-Frasier Co. v. King, 58 Okl. 120, 158 P. 1142, 1143, in the body of the opinion, we said:

"This section of the statute has been construed by this court and by the Supreme Court of Oklahoma Territory in a number of cases, and it has been uniformly held that it contemplates an actual and continued change of possession which must be open and notorious, and such in its character as to apprise those who are accustomed to deal with the party that the property has changed hands; and it is further held that the statute admits of no explanation excusing the delivery and change of possession, and that by the passage thereof it was the intention of the Legislature to exclude all inquiry as to the consideration for the sale or the motives prompting the same, and, where there was no such change of possession, the transfer is fraudulent and the courts have no right to avoid its force and effect." Citing cases.

For other later cases see 7 Oklahoma Digest, Fraudulent Conveyances, ☞150, et seq.

Finding no substantial error in the record, the judgment is affirmed.

CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

WILLIAMS, V. C. J., concurs in result.